IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGER SOTO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>Defendant. | Case No. 24-cv-07883<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Roger Soto ("Soto") brings this lawsuit against Defendant United Airlines, Inc. ("United") alleging California state law claims of wrongful discharge in violation of public policy and common law assault. For the reasons stated herein, Defendant's Motion to Dismiss [59] is granted.

### I. Background

The following factual allegations taken from the operative complaint [1] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Soto is a California resident employed as a flight attendant by United, a major American airline headquartered in Chicago, Illinois. [1] at ¶¶ 6-7, 27. On August 6, 2021, United announced the requirement that its employees must be vaccinated against COVID-19 as a condition of employment. *Id.* at ¶ 13. United allowed employees to request accommodations based on religious beliefs or medical reasons.

1

*Id.* at ¶ 18. Employees who received such accommodations would be placed on indefinite unpaid leave without benefits. *Id.* at ¶ 20.

Soto is a devout Roman Catholic. *Id.* at ¶ 28. Soto believes that "[t]aking an injection of a vaccine that uses aborted fetal tissue in its use and/or development violates his strongly held religious beliefs." *Id.* at ¶ 29. Based on this belief, Soto requested a religious exemption from United on August 10, 2021. *Id.* at ¶ 30. United granted Soto's religious exemption request and placed him on unpaid leave. *Id.* at ¶ 35. United terminated Soto's health insurance on December 1, 2021. *Id.* at ¶ 38. Soto remained on unpaid leave without benefits for several months. *Id.* at ¶ 39.

Soto filed this lawsuit on September 27, 2023, in the Eastern District of California, alleging wrongful discharge in violation of public policy and common law assault, both under California law. *See* [1]. On May 17, 20204, the case was transferred to the Northern District of California. *See* [26]. On August 28, 2024, the case was transferred to the Northern District of Illinois by the parties' agreement and because the relevant witnesses and documents are located in this district. *See* [52] at 3.

United moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Court lacks subject matter jurisdiction, and that Soto has failed to state a claim. [60]. The parties dispute whether California or Illinois law controls the wrongful discharge claim. *Compare* [60] *and* [63].

**II. Standard**

2

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

The party invoking federal jurisdiction bears the burden of establishing the required elements of standing. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). "In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised." *Id.* (citing *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir.2009)). A facial challenge contends that the plaintiff has failed to sufficiently allege a basis of subject matter jurisdiction. *Id.* In contrast, a factual challenge contends that the court lacks subject matter jurisdiction even though the pleadings are formally sufficient. *Id.* A factual challenge puts the court's very power to hear the case at issue, therefore the court may look beyond the pleadings and view whatever evidence has been submitted to determine whether subject matter jurisdiction exists. *Apex Dig.*, 572 F.3d at 444. United raises a factual challenge to the Court's jurisdiction.

**III.    Analysis**

The parties dispute whether the Court should apply California or Illinois law in deciding the wrongful discharge claim. The parties agree that California's choice-of-law rules govern the analysis because this case was transferred from California to Illinois pursuant to 28 U.S.C. § 1404. [60] at 5; [63] at 5; *see also A. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 65 (2013) (where venue is transferred pursuant to § 1404(a) "the state law applicable in the original court also appl[ies] in the transferee court").

California uses the "governmental interest approach" to resolve conflict-of-law disputes. *McCann v. Foster Wheeler LLC*, 225 P.3d 516, 527 (Cal. 2010). The

4

governmental interest test proceeds in three steps: (1) the court determines whether the relevant law of each jurisdiction is the same or different; (2) if the relevant law is different, the court examines each jurisdiction's interest in applying its own laws to determine whether a true conflict exists; and (3) if there is a true conflict, the court determines which jurisdiction's interest would be more impaired if its policy were subordinated to the policy of the other jurisdiction. *Id.*

### A. Wrongful Discharge Claim

Soto alleges a common law tort claim for wrongful discharge in violation of public policy. [1] at ¶¶ 41-51. For the reasons stated below, the Court determines that Illinois law applies, and Soto's claim is therefore dismissed.

#### i. The Laws Differ

For Soto's wrongful discharge claim, the parties agree that the relevant law of California and Illinois is different. *See* [60] at 6; [63] at 5. The Court agrees that the law of the two jurisdictions differs.

Under California law, "an employee may bring a tortious wrongful discharge claim against an employer subject to the CFRA [California Family Rights Act] based upon the policy prohibiting discrimination under the FEHA [Fair Employment and Housing Act]'s CFRA." *Faust v. California Portland Cement Co.*, 58 Cal. Rptr. 3d 729, 744 (Cal. App. 2d Dist. 2007) (internal quotations omitted). Under the Illinois Human Rights ACT ("IHRA"), religious discrimination by an employer is a civil rights violation. 775 Ill. Comp. Stat. Ann. 5/2-102(E-5). However, in Illinois, there is no such standalone tort claim because the IHRA preempts state law claims that are

5

"inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Fuesting v. Uline, Inc.*, 30 F. Supp. 3d 739, 744 (N.D. Ill. 2014) (quoting *Doe v. Toys R Us*, 2010 WL 3168299, at *4 (N.D.Ill. Aug. 5, 2010)); *see also* 775 Ill. Comp. Stat. Ann. 5/8-111(D).

The relevant law of each jurisdiction is therefore different.

### ii. A True Conflict Exists

Both jurisdictions have a legitimate interest in the application of their respective laws to this case. "Only if each jurisdiction involved has a legitimate but conflicting interest in applying its own law will there be a 'true conflict,' requiring us to move on to step three of the analysis." *Cooper v. Tokyo Electric Power Co. Holdings, Inc.*, 960 F.3d 549, 560 (9th Cir. 2020) (citing *Offshore Rental Co. v. Contl. Oil Co.*, 583 P.2d 721, 724-25 (Cal. 1978)). Both jurisdictions have enacted statutes to protect employees from religious (and other forms of) discrimination in employment. However, the jurisdictions differ because California allows a common law tort claim of wrongful discharge in violation of public policy, while in Illinois such a claim is preempted by the IHRA and cannot be filed as a standalone tort claim.

The California Supreme Court has concluded that the California legislature did not make "the FEHA's employment discrimination remedies exclusive" thus determining that FEHA was meant to supplement existing anti-discrimination remedies available to employees. *Stevenson v. Super. Ct.*, 941 P.2d 1157, 1163 (Cal. 1997). California therefore has a legitimate interest in ensuring its citizens have access to anti-discrimination remedies, both under FEHA and through common law

tort actions. California also has a legitimate interest in affording a remedy to injured California residents "even when the injury-producing conduct occurs outside California." *McCann*, 225 P.3d at 532.

To the contrary, in Illinois the IHRA expressly provides that "no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 Ill. Comp. Stat. Ann. 5/8-111(D). Therefore, "if a common law action is in essence one which seeks redress for a 'civil rights violation' as defined by the Act and there is no basis for the action other than the Act, the circuit court lacks jurisdiction to adjudicate the claim." *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997). Illinois' scheme serves the legitimate interests of "promot[ing] the efficient and uniform processing of state civil rights claims" exclusively before the Illinois Human Rights Commission. *Id.* at 24. Importantly, Illinois' process also protects its legitimate interest in limiting liability for commercial activity conducted within its jurisdiction. *See McCann*, 225 P.3d at 530.

Both jurisdictions therefore have a legitimate interest in applying their own law. And because *this* cause of action is available in one jurisdiction but not the other, a true conflict exists. *See Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 925 (Cal. 2006).

### iii. Greater Impairment

United argues that Illinois law predominates, while Soto argues that California has the greater interest. *See* [60] at 7; [63] at 6. The Court must evaluate and compare the "nature and strength of the interest of each jurisdiction in the

7

application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state." *McCann*, 225 P.3d at 533 (quoting *Kearney*, 137 P.3d at 922). The Court's role is not to determine which jurisdiction's rule is "better or worthier," but to decide "in light of the legal question at issue and the relevant state interests at stake—which jurisdiction should be allocated the predominating lawmaking power under the circumstances of the present case." *Id.* at 534.

To evaluate which jurisdiction's interest would be more impaired, a court may consider factors like the current status of a statute, the location of the relevant transactions and conduct, and "the extent to which one jurisdiction's laws either impose similar duties to the other jurisdiction's laws, or are accommodated by the other jurisdiction's laws, such that the application of the other jurisdiction's laws would only partially—rather than totally—impair the interests of the state whose law is not applied." *Cassirer v. Thyssen-Bornemisza Collection Found.*, 89 F.4th 1226, 1237 (9th Cir. 2024) (overturned on other grounds). "[A] jurisdiction ordinarily has 'the predominant interest' in regulating conduct that occurs within its borders, and in being able to assure individuals and commercial entities operating within its territory that applicable limitations on liability set forth in the jurisdiction's law will be available to those individuals and businesses in the event they are faced with litigation in the future." *McCann*, 225 P.3d at 534 (internal citations omitted).

Although the alleged injury occurred in California, where Soto resides and where he was placed on unpaid leave, the injury-causing conduct originated in

8

Illinois, where United is headquartered and where United's COVID-19 vaccination policy was adopted and implemented. Illinois "has a strong interest in 'establishing a reliable rule of law' to promote predictability, to allow actors operating within the jurisdiction's borders reasonably to rely on the jurisdiction's law, and to facilitate investment by entities operating within the jurisdiction." *Cassirer*, 89 F.4th at 1239 (citing *McCann*, 225 P.3d at 534; *Offshore Rental*, 583 P.2d at 728; *Kearney*, 137 P.3d at 936-37). Additionally, Illinois law limits access to the courts for wrongful discharge claims like Soto's. "[F]ailing to apply a jurisdiction's laws that limit liability with respect to conduct that occurs within its borders will, typically, significantly impair a jurisdiction's real and legitimate interests in promoting reliance on its laws." *Id.* (citing *McCann*, 225 P.3d at 534-35; *Kearney*, 137 P.3d at 936-37); *see also Cooper*, 960 F.3d at 562 ("California's courts have frequently applied foreign laws that serve to protect businesses by limiting liability, even when applying that law precludes recovery by injured California residents."). Therefore, Illinois' legitimate interests are predominant over California's laws in this case.

Having determined that Illinois law applies, the Court dismisses Soto's claim for wrongful discharge in violation of public policy. As explained above, the IHRA preempts state law claims for religious discrimination by an employer. *See Fuesting*, 30 F. Supp. 3d at 744; 775 Ill. Comp. Stat. Ann. 5/2-102(E-5). The Court lacks jurisdiction over Soto's claim and it must be dismissed. *See* 775 Ill. Comp. Stat. Ann. 5/8-111(D).

### B. Assault Claim

9

Soto also alleges a claim for common law civil assault. [1] at ¶¶ 52-59. The parties agree that there is no conflict between California and Illinois law for common law claims for civil assault. [60] at 12; [63] at 9. Soto fails to state a claim under the law of either jurisdiction.

To establish a claim for assault under California law, a plaintiff must establish "(1) that defendant intended to cause harmful or offensive contact, or the imminent apprehension of such contact, and (2) that plaintiff was put in imminent apprehension of such contact." *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (quoting *Brooks v. United States,* 29 F.Supp.2d 613, 617 (N.D.Cal.1998)). Under Illinois law, assault is "conduct which places another in reasonable apprehension of receiving a battery" and involves "(1) a threatening *gesture,* or an otherwise innocent gesture made threatening by the accompanying words, that (2) creates a reasonable apprehension of an *imminent* battery." *Kijonka v. Seitzinger*, 363 F.3d 645, 647 (7th Cir. 2004) (emphasis in original). In either jurisdiction, mere words, without more, fail to amount to an assault. *See A. A. P. v. Sierra Plumas Jt. Unified Sch. Dist.*, No. 219CV00882TLNCKD, 2021 WL 847812, at *5 (E.D. Cal. Mar. 5, 2021) ("Mere words, however threatening, will not amount to an assault."); *Kijonka*, 363 F.3d at 647 ("A merely verbal threat of indefinite action in the indefinite future is not an assault.").

Soto alleges that United "threatened intentional, imminent harmful and offensive contact upon Plaintiff by way of forced vaccine injection." [1] at ¶ 54. But Soto's allegations show that there was no threat of imminent contact or battery against him. United announced its policy that employees would be required to become

10

fully vaccinated. [1] at ¶ 16. Soto chose not to be vaccinated and submitted a request for a religious exemption. *Id.* at ¶ 30. No one forced or threatened to force Soto to receive a vaccine injection he did not consent to. United's announcement of its vaccine policy cannot reasonably be construed as having put Soto in apprehension of an imminent contact or battery. Soto's claim for assault is therefore dismissed.

**IV. Conclusion**

For the stated reasons, Defendant's Motion to Dismiss [59] is granted. Plaintiff asserts he should be permitted to file an amended complaint. [63] at 15. Under Federal Rule of Civil Procedure 15 a district court should "freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court has "broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023) (citing *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 582 (7th Cir. 2019)).

The Court finds in this context that it would be futile to allow an amendment. Soto's wrongful discharge claim is preempted by the IHRA and is dismissed for lack of subject matter jurisdiction. The wrongful discharge claim therefore cannot be cured by amendment and leave to amend would be futile. *See Smoter v. Mentholatum Co., Inc.*, No. 24 CV 4155, 2025 WL 273437, at *3 (N.D. Ill. Jan. 17, 2025) ("Because Plaintiff's claims are preempted by federal law they cannot be cured by amendment."). Further, Soto's assault claim requires a threat of imminent contact. Soto cannot allege any additional or different facts that would demonstrate a threat

of imminent contact from United's vaccination policy. Accordingly, granting Soto leave to amend would be futile and his claims are dismissed without leave to amend. Civil case terminated. Judgment to enter.

E N T E R:

Dated: May 30, 2025

MARY M. ROWLAND
United States District Judge